**EMERGENCY MOTION — EXPEDITED ACTION REQUESTED**

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| LEANDRA ENGLISH,<br>               *Plaintiff,*<br><br>     v.<br><br>DONALD J. TRUMP and<br>JOHN M. MULVANEY,<br>               *Defendants.* | Case No. 1:17-cv-02534 |

**PLAINTIFF'S MOTION FOR A TEMPORARY RESTRAINING ORDER**

Plaintiff Leandra English hereby requests, under Federal Rule of Civil Procedure 65(b) and Local Rule 65.1, that this Court issue a temporary restraining order preventing the defendants from appointing, causing the appointment of, or recognizing the appointment of an Acting Director of the Consumer Financial Protection Bureau via any mechanism other than that provided for by 12 U.S.C. § 5491(b)(5)(b). Plaintiff requests emergency relief due to the exigency of the circumstances and the irreparable nature of the injury the TRO would prevent.

Plaintiff is the Acting Director of the CFPB and, as set forth in greater detail in an accompanying memorandum in support of this motion, she is required and empowered by the Dodd-Frank Act to "serve as [the CFPB's] acting Director in the absence or unavailability of the Director." 12 U.S.C. § 5491(b)(5)(b). The former Director of the CFPB, Richard Cordray, announced his resignation effective midnight on November 24, 2017, triggering this provision.[1] But the President has announced that he seeks to bypass this statutory requirement by attempting

---

[1] *See* Sylvan Lane, *Cordray announces he'll leave consumer bureau Friday*, The Hill (Nov. 24, 2017), http://thehill.com/policy/finance/361742-cordray-announces-hell-leave-consumer-bureau-friday.

to use the Federal Vacancies Reform Act, 5 U.S.C. § 3345 *et seq.*, to appoint an Acting Director from outside the CFPB.

Such an action would violate the clear provisions of the Dodd-Frank Act. The Dodd-Frank Act was enacted after the FVRA, and its more-specific, later-in-time provision regarding the succession plan for the CFPB governs. The legislative history of the Act also indicates that Congress initially considered whether to use the FVRA's mechanisms to provide for an Acting Director of the CFPB, but specifically rejected this path in favor of having the Deputy Director accede to the position. And finally, the President's chosen appointee would threaten the CFPB's statutorily guaranteed independence. Defendant John Mulvaney currently serves as Director of the Office of Management and Budget, an agency within the President's Executive Office. If Mr. Mulvaney were to continue in his role as Director of OMB while serving as Acting Director of the CFPB, it would severely undermine Congress's goal of insulating the CFPB Director from presidential influence or control by requiring that it be established as an "independent bureau."

In light of this impending illegal action, this Court should issue an emergency temporary restraining order to preserve the rights of the parties pending a resolution of this matter on the merits. As explained at greater length in the accompanying memorandum, the balance of hardships favors granting a temporary restraining order. Acting Director English is undertaking efforts to notify the Department of Justice of these proceedings simultaneously with the submission of the complaint and this motion, and the issuance of an temporary restraining order will not materially prejudice the defendants' interests. A temporary restraining order is thus the best mechanism to preserve the interests involved until the defendants have had an opportunity to respond and the Court may consider the appropriateness of more lasting relief.

For the foregoing reasons, Ms. English requests this Court issue, on an interim, *ex parte* basis, an order restraining the President from appointing, causing the appointment of, or

recognizing the appointment of an Acting Director of the Consumer Financial Protection Bureau

via any mechanism other than that provided for by 12 U.S.C. § 5491(b)(5)(b), and restraining Mr.

Mulvaney from asserting or exercising any authority as Acting Director of the CFPB.

Respectfully submitted,

*/s/ Deepak Gupta*

DEEPAK GUPTA (D.C. Bar No. 495451)
MATTHEW WESSLER (D.C. Bar No. 985241)
RACHEL BLOOMEKATZ (*pro hac vice* application to be filed)
JOSHUA MATZ (*pro hac vice* application to be filed)
DANIEL TOWNSEND (*pro hac vice* application to be filed)

**GUPTA WESSLER PLLC**
1900 L Street, NW, Suite 312
Washington, DC 20036
Phone: (202) 888-1741
Fax: (202) 888-7792
*deepak@guptawessler.com*

November 26, 2017          *Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on November 26, 2017, I electronically filed this motion for a temporary restraining order through this Court's CM/ECF system. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system.

*/s/ Deepak Gupta*
Deepak Gupta