IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

LEANDRA ENGLISH,
    Deputy Director and Acting Director,
    Consumer Financial Protection Bureau,
    1700 G Street, NW,
    Washington, DC 20552,
        *Plaintiff,*

v.

DONALD JOHN TRUMP,
    in his official capacity as President of
    the United States of America,
    1600 Pennsylvania, Avenue, NW,
    Washington, DC 20500,

JOHN MICHAEL MULVANEY,
    in his capacity as the person claiming to
    be acting director of the Consumer
    Financial Protection Bureau,
    725 17th Street, NW,
    Washington, DC 20503,
        *Defendants.*

Case: 1:17-cv-02534
Assigned To : Kelly, Timothy J.
Assign. Date : 11/26/2017
Description: English v. TRUMP et al

COMPLAINT FOR
DECLARATORY AND
INJUNCTIVE RELIEF

EMERGENCY TEMPORARY
RESTRAINING ORDER SOUGHT

## INTRODUCTION

The Dodd-Frank Act of 2010 created the Consumer Financial Protection Bureau as an independent federal agency, to be led by a single director. Effective at midnight on November 24, 2017, the Bureau's first Director, Richard Cordray, resigned his post. At that point, plaintiff Leandra English, the Bureau's Deputy Director, became the agency's Acting Director by operation of law. The Dodd-Frank Act is clear on this point: It mandates that the Deputy Director "shall . . . serve as the acting Director in the absence or unavailability of the Director." 12 U.S.C. § 5491(b)(5)(B). By statute, she serves in that capacity until such time as the President appoints and the Senate confirms a new Director. *See* 12 U.S.C. § 5491(b)(2).

Disregarding this statutory language, President Trump issued a press release on the evening of November 24 indicating his desire to install defendant Mulvaney, the Director of the White House Office of Management and Budget, as the Bureau's Acting Director. Under this scenario, Mr. Mulvaney would seek to serve indefinitely as the interim head of a statutorily "independent" agency while simultaneously occupying his current White House post.

The President apparently believes that he has authority to appoint Mr. Mulvaney under the Federal Vacancies Reform Act of 1988, 5 U.S.C. § 3345(a)(2). But the Vacancies Act, by its own terms, does not apply where another statute "expressly . . . designates an officer or employee to perform the functions and duties of a specified office temporarily in an acting capacity," 5 U.S.C. § 3347(a)(1)(B)—which is exactly what the Dodd-Frank Act does. The President's interpretation of the FVRA runs contrary to Dodd-Frank's later-enacted, more specific, and mandatory text. The President's stance is also difficult to square with the relevant legislative history: An earlier version of the Dodd-Frank Act, which would have specifically allowed the President to use the Vacancies Act to temporarily fill the office, was eliminated and replaced with the current language designating the Deputy Director as the Acting Director. And the President's attempt to appoint a still-serving White House staffer to displace the acting head of an independent agency is contrary to the overall statutory design and independence of the Bureau.

As the rightful Acting Director of the Bureau, Ms. English brings this action against President Trump and Mr. Mulvaney seeking a declaratory judgment and, on an emergency basis, a temporary restraining order to prevent the defendants from appointing, causing the appointment of, recognizing the appointment of, or acting on the appointment of an Acting Director of the Consumer Financial Protection Bureau via any mechanism other than that provided for by 12 U.S.C. § 5491(b)(5)(B).

## JURISDICTION AND VENUE

1. This Court has jurisdiction over the subject matter of this action for declaratory and injunctive relief under 28 U.S.C. §§ 1331, 1361, 1651, 2201, and 2202.

2. Venue is proper in this district under 28 U.S.C. § 1391(e).

## PARTIES

3. Plaintiff Leandra English is the Deputy Director and Acting Director of the Consumer Financial Protection Bureau.

4. Defendant Donald J. Trump is the President of the United States and is responsible for the purported designation of Defendant Mulvaney as Acting Director of the Consumer Financial Protection Bureau.

5. Defendant John Michael Mulvaney, also known as Mick Mulvaney, is the Director of the White House Office of Management and Budget and a person claiming to be designated as the Acting Director of the Consumer Financial Protection Bureau.

## STATUTORY BACKGROUND

6. In 2010, Congress enacted the Dodd-Frank Wall Street Reform and Consumer Protection Act, Pub. L. 111-203, 124 Stat. 1376 (July 21, 2010), which created the Consumer Financial Protection Bureau (CFPB) and established it as "an independent bureau" located "in the Federal Reserve System." 12 U.S.C. § 5491(a). A key response to the 2008 financial crisis, the CFPB is the first federal agency with the sole goal of protecting consumers of the U.S. financial services industry. Conscious of the regulatory failures that had fueled the 2008 crisis, Congress took pains to ensure that the new agency would be independent enough to resist capture by powerful financial interests and fulfill its critical responsibilities to American consumers.

7. The CFPB is designed to be led and managed by a single Director, "who shall serve as the head of the Bureau." 12 U.S.C. § 5491(b)(1). The Director, who serves a five-year

term, is to be "appointed by the President, by and with the advice and consent of the Senate." 12 U.S.C. § 5491(b)(2). To ensure the Bureau's independence, Congress specified that the Director would not serve at the pleasure of the President and could instead be removed only for cause. *See* 12 U.S.C. § 5491(c)(3) ("The President may remove the Director for inefficiency, neglect of duty, or malfeasance in office.").

8. As an additional measure of independence, Congress ensured that the President could not circumvent the need for Senate confirmation by naming a temporary replacement for a Director who leaves before the expiration of his or her term. Instead, Congress provided that the Bureau's Deputy Director, who is "appointed by the Director," shall "serve as acting Director in the absence or unavailability of the Director." 12 U.S.C. § 5491(b)(5).

9. This designation of the Deputy Director as the "acting Director" reflects Congress's deliberate choice to depart from the default procedure for naming an acting official under the Federal Vacancies Reform Act of 1988 (FVRA). An early version of the Act that passed the House of Representatives in December 2009 did not provide for a Deputy Director, and instead explicitly stated that a temporary replacement for a Director would be chosen "in the manner provided by" the FVRA. *See* H.R. 4173, 111th Cong. § 4102(b)(6)(B)(1) (engrossed version, Dec. 11, 2009). The Senate bill introduced and passed months later contained the present statutory language. *See* S. 3217, 111th Cong. § 1011(b)(5)(B) (2010).

10. The Vacancies Act, by its own terms, does not control where, as with the Dodd-Frank Act, "a statutory provision expressly . . . designates an officer or employee to perform the functions and duties of a specified office temporarily in an acting capacity." 5 U.S.C. § 3347(a)(1)(B).

**FACTUAL ALLEGATIONS**

11. Richard Cordray was confirmed as the first Director of the CFPB by a 66-34 vote in the United States Senate on July 16, 2013, and took office on July 17, 2013.

12. Mr. Cordray resigned his position as Director of the CFPB, effective at midnight on November 24, 2017.

13. At approximately 2:30 p.m. on the afternoon of November 24, 2017, before leaving office, Director Cordray publicly announced that he had appointed Leandra English—up until then the Bureau's Chief of Staff—as the Bureau's Deputy Director, to ensure that she would become the Acting Director pursuant to 12 U.S.C. § 5491(b)(5) until the confirmation by the Senate of a new Director appointed by the President.

14. "In considering how to ensure an orderly succession for this independent agency," Director Cordray explained in a statement, "I have also come to recognize that appointing the current chief of staff to the deputy director position would minimize operational disruption and provide for a smooth transition given her operational expertise."

15. In addition to serving as the CFPB's Chief of Staff, Ms. English has served in number of senior leadership roles at the CFPB, including Deputy Chief Operating Officer, Acting Chief of Staff, and Deputy Chief of Staff. In addition to her work at the CFPB, Ms. English has served as the Principal Deputy Chief of Staff at the Office of Personnel Management, the Chief of Staff and Senior Advisor to the Deputy Director for Management at the White House Office of Management and Budget, and as a member of the CFPB Implementation Team at the U.S. Department of the Treasury. Ms. English received her B.A. from New York University and her M.S. from the London School of Economics.

16. At approximately 8:50 p.m. on the evening of November 24, 2017, the White House press office issued the following statement: "Today, the President announced that he is

designating Director of the Office of Management and Budget (OMB) Mick Mulvaney as Acting Director of the Consumer Financial Protection Bureau (CFPB)." The White House statement did not refer to Director Cordray's earlier appointment of Ms. English as Deputy Director and was not accompanied by any legal reasoning concerning the President's claimed authority to make the appointment.

17.  Mr. Mulvaney has never previously served in any capacity in a consumer-protection enforcement or financial or banking regulatory agency at the state, federal, or local level. Mr. Mulvaney has described the CFPB as a "sad, sick joke," has co-sponsored legislation proposing to eliminate the agency, and has said at a hearing in the House of Representatives: "I don't like the fact that CFPB exists, I'll be perfectly honest with you."

18.  On Saturday, November 25, 2017, the Department of Justice Office of Legal Counsel released a memorandum providing legal arguments in support of Mr. Mulvaney's appointment. The memorandum acknowledges that the statutory scheme of the CFPB provides that the Deputy Director shall become the Acting Director when there is a vacancy in the position of the Director. But the memorandum claims that the President may nevertheless choose to appoint someone from outside the agency to take the position of Acting Director via the Federal Vacancies Reform Act of 1998, 5 U.S.C. §§ 3345–3349d.

### CLAIMS FOR RELIEF

19.  Ms. English has a clear legal entitlement to the position of Acting Director of the CFPB. At the moment that Director Cordray's resignation became effective, she was the Bureau's Deputy Director, a position created by Congress via the Dodd-Frank Act. *See* 12 U.S.C. § 5491(b). The statutory provision creating the position states, in mandatory language, that the Deputy Director "shall . . . serve as acting Director in the absence or unavailability of the Director." *Id.* § 5491(b)(5)(B). Under a plain reading of this language, the Deputy Director

automatically becomes the Acting Director when the Director leaves office: a Director who is no longer serving in office is "absent" as well as "unavailable." Thus, when a Director resigns, the Deputy Director serves as Acting Director. This legal arrangement was triggered by the resignation of Director Cordray on November 24, 2017, and his appointment of Ms. English as Deputy Director on that same date.

20. The President's purported or intended appointment of defendant Mulvaney as Acting Director of the CFPB is unlawful. The President's use of the Federal Vacancies Reform Act to appoint an Acting Director of the CFPB would be an obvious contravention of Congress's statutory scheme. The President's interpretation of the FVRA cannot be reconciled with Dodd-Frank's mandatory language. Where the two statutes conflict, Dodd-Frank controls as the later-enacted, more specific statute.

21. The President's purported or intended appointment is also unlawful as a violation of the foundational principles of agency independence that Congress codified by the Dodd-Frank Act. The President may not, consistent with the statutory requirement of independence, install a still-serving White House staffer as the acting head of an independent agency—particularly when doing so would displace an acting head who has a clear legal entitlement to the position.

22. There is a substantial and continuing controversy between Ms. English and the defendants, and a declaration of rights under the Declaratory Judgment Act is both necessary and appropriate to establish that Ms. English is the Acting Director of the CFPB and that neither defendant has any ability to make or receive an appointment for the position of Acting Director of the CFPB, or to otherwise act as an officer of the CFPB.

23. Ms. English will be and is irreparably harmed by the defendants' actions and threatened actions, and is without an adequate remedy at law.

**PRAYER FOR RELIEF**

The plaintiffs request that the Court:

a. Declare that, under 12 U.S.C. § 5491(b)(5)(B), Plaintiff Leandra English is the Acting Director of the Consumer Financial Protection Bureau;

b. Declare that the Federal Vacancies Reform does not control the appointment of a temporary Acting Director of the Consumer Financial Protection Bureau because the Dodd-Frank Act "expressly . . . designates an officer or employee to perform the functions and duties of a specified office temporarily in an acting capacity," 5 U.S.C. § 3347(a)(1)(B);

c. Declare that defendant Mulvaney is not the Acting Director of the Consumer Financial Protection Bureau;

d. Order that defendant Trump shall refrain from appointing any individual to the position of Acting Director of the Consumer Financial Protection Bureau, recognizing any individual other than plaintiff as the holder of that office, or causing any person to recognize someone other than plaintiff as the holder of that office;

e. Order that defendant Mulvaney shall refrain from accepting any appointment to the position of Acting Director of the Consumer Financial Protection Bureau, or asserting or exercising in any way the authority of that office;

f. Award all other appropriate relief.

Respectfully submitted,

/s/ Deepak Gupta

DEEPAK GUPTA (D.C. Bar No. 495451)
MATTHEW W.H. WESSLER (D.C. Bar No. 985241)
DANIEL TOWNSEND (*pro hac vice* application to be filed)
**GUPTA WESSLER PLLC**
1900 L Street, NW, Suite 312
Washington, DC 20036
Phone: (202) 888-1741
Fax: (202) 888-7792
*deepak@guptawessler.com*

November 26, 2017    *Attorneys for Plaintiff*