# In the United States District Court
## for the District of Columbia

Leandra English,

      *Plaintiff*,

v.

Donald J. Trump and
John M. Mulvaney,

      *Defendants.*

§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§

Case No. 1:17-cv-02534

---

## MOTION OF THE STATES OF TEXAS, WEST VIRGINIA, ALABAMA, ARKANSAS, GEORGIA, LOUISIANA, OKLAHOMA, AND SOUTH CAROLINA TO FILE BRIEF AS AMICI CURIAE IN SUPPORT OF DEFENDANTS

---

**Motion of the States of Texas, West Virginia, Alabama, Arkansas, Georgia, Louisiana, Oklahoma, and South Carolina To File Brief as Amici Curiae in Support of Defendants**:

The States of Texas, West Virginia, Alabama, Arkansas, Georgia, Louisiana, Oklahoma, and South Carolina move for leave to file the attached amici curiae brief in support of defendants.

1. District courts have "inherent authority" to grant participation by an amicus curiae. *Youming Jin v. Ministry of State Sec.*, 557 F. Supp. 2d 131, 136 (D.D.C. 2008). That authority is derived from Federal Rule of Appellate Procedure 29. *Id.* In determining whether to grant leave to participate as an amicus, this Court has "broad discretion," *Nat'l Ass'n of Home Builders v. U.S. Army Corps of Eng'rs*, 519 F. Supp. 2d 89, 93 (D.D.C. 2007), and amicus status is generally allowed when "the information offered is timely and useful." *Ellsworth Assocs. v. United States*, 917 F. Supp. 841, 846 (D.D.C. 1996).

Under Federal Rule of Appellate Procedure 29(a), a movant must (1) explain its interest, (2) the reason why an amicus brief is desirable, and (3) why the matters asserted are relevant to the case. As set forth below, amici will provide value to this case by bringing relevant matters to the Court's attention that are not already discussed by the parties.

2. States have "special solicitude" to challenge unlawful federal Executive Branch actions. *Massachusetts v. EPA*, 549 U.S. 497, 520 (2007). Courts have long recognized that the States guard "the public interest in protecting separation of powers by curtailing unlawful executive action." *Texas v. United*

*States*, 809 F.3d 134, 187 (5th Cir. 2015), *aff'd by equally divided Court*, 136 S. Ct. 2271 (2016) (per curiam).

Those interests lie at the heart of this case: the Consumer Financial Protection Bureau wields sweeping power over American life. Its actions touch the affairs of millions of Americans. As a panel of the D.C. Circuit recently observed, "the Director of the CFPB possesses more unilateral authority—that is, authority to take action on one's own, subject to no check—than any single commissioner or board member in any other independent agency in the U.S. Government." *PHH Corp. v. Consumer Fin. Prot. Bureau*, 839 F.3d 1, 6-7 (D.C. Cir. 2016), *reh'g en banc granted, order vacated* (Feb. 16, 2017).

Any federal official who wields that level of power should be appointed by the President—not by Congress, and certainly not by an unaccountable federal bureaucrat. Plaintiff's contrary argument that the Dodd-Frank Act of 2010 supplants the President's choice raises serious constitutional concerns and undermines the Constitution's separation of powers.

Amici thus seek leave to file an amicus brief to present these issues in a way that is helpful to the Court.

3. On November 28, 2017, counsel for amici emailed counsel for plaintiff and defendants to ask their position on this motion. Counsel for defendants responded that defendants take no position on the motion. Counsel for plaintiff had not responded by the time of filing.

## Conclusion

For the foregoing reasons, amici urge the Court to grant their motion to file a brief as amici curiae in support of defendants.

Respectfully submitted.

Patrick Morrisey
Attorney General of West Virginia

Erica N. Peterson
Assistant Attorney General

Office of the West Virginia Attorney General
State Capitol Complex
Building 1, Room 26-E
Charleston, WV 25305
(304) 558-2021

Steve Marshall
Attorney General of Alabama

Leslie Rutlegde
Attorney General of Arkansas

Christopher M. Carr
Attorney General of Georgia

Jeff Landry
Attorney General of Louisiana

Mike Hunter
Attorney General of Oklahoma

Alan Wilson
Attorney General of South Carolina

Ken Paxton
Attorney General of Texas

Jeffery C. Mateer
First Assistant Attorney General

Brantley D. Starr
Deputy First Assistant Attorney General

/s/ *Scott A. Keller*
Scott A. Keller
Solicitor General
Bar No. TX0120
scott.keller@oag.texas.gov

Kyle Hawkins
Assistant Solicitor General

Office of the Texas Attorney General
P.O. Box 12548, Mail Code 009
Austin, Texas 78711-2548
(512) 936-1700

*Attorneys for Amici Curiae*

## CERTIFICATE OF SERVICE

I hereby certify that on November 28, 2017 the foregoing document was served via electronic filing on all counsel of record in this case.

/s/ Scott A. Keller
SCOTT A. KELLER
Solicitor General