IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LEANDRA ENGLISH,<br><br>                Plaintiff,<br><br>   v.<br><br>DONALD J. TRUMP and<br>JOHN M. MULVANEY,<br><br>                Defendants. | Civil Action No. 17-2534 (TJK) |

**MOTION OF CURRENT AND FORMER MEMBERS OF CONGRESS
FOR LEAVE TO FILE *AMICI CURIAE* BRIEF IN SUPPORT OF
PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION**

*Amici curiae* current and former members of Congress respectfully move for leave to file the attached brief in support of the Plaintiff's motion for a preliminary injunction. In support of this motion, they state:

1. *Amici* are current and former members of Congress who are familiar with the Dodd-Frank Wall Street Reform and Consumer Protection Act of 2010 ("Dodd-Frank"), Pub. L. No. 111-203, 124 Stat. 1376. Indeed, *amici* were sponsors of Dodd-Frank, participated in drafting it, serve or served on committees with jurisdiction over the federal financial regulatory agencies and the banking industry, currently serve in the leadership, or served in the leadership when Dodd-Frank was passed. They are thus familiar with the critical role that the Consumer Financial Protection Bureau ("CFPB") plays in the legislative plan that Congress put in place when it enacted Dodd-Frank to prevent future financial crises like the Great Recession of 2008, as well as with Congress's considered decisions about how best to structure the CFPB so that it could play that critical role. Significantly, based on their experiences, *amici* know that Congress drafted Dodd-

1

Frank to make clear that the Bureau's Deputy Director would, in the event of a vacancy in the office of Director, serve as acting Director. Only that structure is consistent with the independence that was so central to Congress's design in establishing the Bureau as a primary protector for American consumers. *Amici* thus have an interest in this case. A full listing of *amici* appears in the Appendix to the attached brief.

2. "The filing of an *amicus* brief should be permitted if it will assist the judge 'by presenting ideas, arguments, theories, insights, facts or data that are not to be found in the parties' briefs.'" *Northern Mariana Islands v. United States*, No. 08-1572, 2009 WL 596986, at *1 (D.D.C. Mar. 6, 2009) (quoting *Voices for Choices v. Ill. Bell Tel. Co.*, 339 F.3d 542, 545 (7th Cir. 2003)). Courts have permitted third parties to participate as *amici curiae* when they "are of aid to the court and offer insights not available from the parties," *United States v. El-Gabrowny*, 844 F. Supp. 955, 957 n.1 (S.D.N.Y. 1994), and when they have "relevant expertise and a stated concern for the issues at stake in [the] case," *District of Columbia v. Potomac Elec. Power Co.*, 826 F. Supp. 2d 227, 237 (D.D.C. 2011). "The primary role of the *amicus* is to assist the Court in reaching the right decision in a case affected with the interest of the general public." *Russell v. Bd. of Plumbing Examiners*, 74 F. Supp. 2d 349, 351 (S.D.N.Y. 1999).

3. The proposed, attached *amici curiae* brief plainly satisfies these standards. In purporting to designate an acting Director of the CFPB, President Trump has cited the general authority that Congress has given to presidents under the Federal Vacancies Reform Act ("FVRA"), Pub. L. No. 105-277 § 151, 112 Stat. 2681 (1998), to temporarily fill vacant executive offices. In support of that position, the Defendants argue that the FVRA allows the President to select an acting Director of the CFPB in the event of a vacancy. *See* Defs.' Opp'n to Pl.'s Mot. for a TRO, *English v. Trump*, at 9-14 (D.D.C. Nov. 27, 2017). As members of Congress who were

involved in the drafting and enactment of Dodd-Frank, *amici* are well positioned to explain why the Defendants' position is at odds with the text, purpose, and history of that legislation, which provides—in mandatory terms—that the Bureau's Deputy Director "shall" serve as acting Director "in the absence or unavailability of the Director." 12 U.S.C. § 5491(b)(5)(B). Among other things, *amici* are particularly well positioned to explain Congress's statutory plan for the CFPB, the independence that the Bureau was meant to exercise, and how those purposes would be undermined by allowing presidents to hand-pick, without the check of Senate confirmation, an acting Director of the Bureau when a vacancy arises.

4. Counsel for the Plaintiff and counsel for the Defendants have consented to the filing of this brief.

For the foregoing reasons, leave to file the attached *amici curiae* brief should be granted. A proposed order is enclosed with this motion.

Respectfully submitted,

Dated: December 8, 2017   /s/ Brianne J. Gorod
Brianne J. Gorod

Elizabeth B. Wydra (DC Bar No. 483298)
Brianne J. Gorod (DC Bar No. 982075)
Brian R. Frazelle (DC Bar No. 1014116)
CONSTITUTIONAL ACCOUNTABILITY CENTER
1200 18th Street, N.W., Suite 501
Washington, D.C. 20036
(202) 296-6889
brianne@theusconstitution.org

*Counsel for Amici*

## CERTIFICATE OF SERVICE

      I hereby certify that on December 8, 2017, the foregoing document was filed with the Clerk of the Court, using the CM/ECF system, causing it to be served on all counsel of record.

Dated:  December 8, 2017

                                              /s/ Brianne J. Gorod
                                              Brianne J. Gorod