# Exhibit 3
## Memorandum from CFPB General Counsel, *Acting Director of the CFPB* (November 25, 2017)

*English v. Trump, et al.*
No. 1:17-cv-02534-TJK
EXHIBITS TO DEFENDANTS' OPPOSITION TO
PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION

TO:             The Senior Leadership Team, CFPB

FROM:           Mary E. McLeod, General Counsel

SUBJECT:        Acting Director of the CFPB

DATE:           November 25, 2017

Questions have been raised whether the President has the authority under the Federal Vacancies Reform Act (FVRA) to designate Mick Mulvaney, the Director of the Office of Management and Budget, as the Acting Director of CFPB following the resignation of Richard Cordray as of midnight, Friday, November 24, 2017, even if the Deputy Director otherwise could act under 12 U.S.C. § 5491(b)(5).  This confirms my oral advice to the Senior Leadership Team that the answer is "yes."  I advise all Bureau personnel to act consistently with the understanding that Director Mulvaney is the Acting Director of the CFPB.  I outline my reasoning below briefly.

The FVRA is generally "the exclusive means for temporarily authorizing an acting official to perform the functions and duties of any office of an Executive agency… for which appointment is required to be made by the President, by and with the advice and consent of the Senate."  5 U.S.C. § 3347(a).  The FVRA is not the exclusive means of authorizing an acting official, however, when "a statutory provision … designates an officer or employee to perform the functions and duties of a specified office temporarily in an acting capacity."  5 U.S.C. § 3347(a).  Section 1011(b)(5) of the CFPA, 12 U.S.C. § 5491(b)(5), is on its face such a statute.  It states that the Deputy Director "shall … serve as acting Director in the absence or unavailability of the Director."  The Vacancies Act thus does not extinguish the authority of the Deputy Director to serve as the Acting Director under 12 U.S.C. § 5491(b)(5).

At the outset, there is a debatable question as to whether the phrase "absence or unavailability" is broad enough to provide authority for the Deputy Director to serve as Acting Director in the situation of a vacancy created by a resignation.  On the one hand, it could be argued that a vacancy—as opposed to a temporary absence or other unavailability—does not qualify as an "absence or unavailability."  *See Federal Reserve Board –Vacancy With the Office of the Chairman – Status of the Vice Chairman*, 2 U.S. Op. O.L.C. 394, 395 (1978) (opining that "[t]he term 'absence' normally connotes a failure to be present that is temporary in contradistinction to the term 'vacancy' caused, for example, by death of the incumbent or his resignation").  There are other provisions of the Dodd-Frank Act that expressly provide for acting officers "in the event of a *vacancy*," as well as in the event of an "absence or disability."  *See* Dodd-Frank Wall Street Reform and Consumer Protection Act, Pub. L. No. 111-203, §§ 336(a)(2), 111(c)(3), *codified at* 12 U.S.C. §§ 1812(d)(2), 5321(c)(3).[1]

---

[1]   Section 336(a)(2) governs vacancies on the FDIC Board of Directors and provides that, "[i]n the event of a vacancy in the office of the Comptroller of the Currency or the office of Director of the Consumer Financial Protection Bureau and pending the appointment of a successor, or during the absence or disability of the Comptroller of the Currency or the Director of the Consumer Financial Protection Bureau, the acting Comptroller of the Currency or the acting Director of the Consumer Financial Protection Bureau, as the case may be, shall be a member of the Board of Directors in the place of the Comptroller or Director."  12 U.S.C. § 1812(d)(2). Section 111(c)(3) governs vacancies on the Financial Stability Oversight Council and provides

1

On the other hand, the common meaning of "unavailability" arguably encompasses vacancies. "Unavailable" means "not available," *i.e.* not "[q]ualified and willing to serve." American Heritage Dictionary of the English Language (4th ed. 2000). If someone no longer holds office, he is not "qualified . . . to serve"—and is therefore "unavailable." Moreover, Executive Orders and at least two agencies' published succession plans reflect an understanding that a "vacancy in office" is one reason that an officer may be "not available."

In the present circumstances, it is not necessary to resolve the meaning of "absence or unavailability" because the statutory language, legislative history, precedent from the Office of Legal Counsel at the Department of Justice, and case law all point to the conclusion that the President may use the Vacancies Reform Act to designate an acting official, even when there is a succession statute under which another official may serve as acting. Some have argued that the FVRA is the "default setting," and does not control when there is another statute that provides for succession. The Office of Legal Counsel rejected this view in an opinion that I find on point and persuasive. "Authority of the President to Name an Acting Attorney General," 2007 WL 5334854 (Sept. 17, 2007). In that case the President sought to name as Acting Attorney General an individual who would not have become acting under the Attorney General Order implementing the agency succession statute. In that opinion, OLC reasoned:

> That the Vacancies Reform Act is not exclusive does not mean that it is unavailable. By its terms, the Vacancies Reform Act (with express exceptions not relevant here) applies whenever a Senate-confirmed officer in an executive agency resigns. *See* 5 U.S.C. § 3345(a). The Vacancies Reform Act nowhere says that, if another statute remains in effect, the Vacancies Reform Act may not be used. Indeed, the Senate Committee Report accompanying the Act expressly disavows this view. After listing a number of statutes that would come within the exception to exclusivity in the Vacancies Reform Act, including 28 U.S.C. § 508, the Senate Committee Report states that "[i]n any event, even with respect to the specific positions in which temporary officers may serve under the specific statutes this bill retains, the Vacancies [Reform] Act would continue to provide an alternative procedure for temporarily occupying the office." S. Rep. No. 105-250, at 17 (1998).

> Furthermore, nothing in the text of the statute or its legislative history supports the conclusion that the 'alternative procedure' of the Vacancies Reform Act may be used only when no one can serve under a statute like 28 U.S.C. § 508. In analogous circumstances, we earlier concluded that the President could use the Vacancies Reform Act to name an Acting Director of the Office of Management and Budget, even though another statute, 31 U.S.C. § 502(f) (2000), came within the exception to exclusivity under the Vacancies Reform Act and authorized the President to designate an Acting Director.

---

that, "[i]n the event of a vacancy in the office of the head of a member agency or department, and pending the appointment of a successor, or during the absence or disability of the head of a member agency or department, the acting head of the member agency or department shall serve as a member of the Council in the place of that agency or department head." 12 U.S.C. § 5321(c)(3).

2

> We wrote that '[t]he Vacancies Reform Act does not provide ... that where there is another statute providing for a presidential designation, the Vacancies Reform Act becomes unavailable. The legislative history squares with the conclusion that, in such circumstances, the Vacancies Reform Act may still be used.' Memorandum for the Deputy Counsel to the President, from M. Edward Whelan III, Acting Assistant Attorney General, Office of Legal Counsel, *Re: Designation of Acting Director of the Office of Management and Budget at* n.1 (June 12, 2003) (*available at* www.usdoj.gov/olc/opinions.html). We do not believe that this opinion could be distinguished on the ground that, there, the President had the authority under both statutes, while here the authority under the Vacancies Reform Act belongs to the President and section 508 provides that the Attorney General may designate officers to serve. Neither the text of the statute nor the legislative history places any weight on such a distinction. Nor would it make sense that the Attorney General, through the exercise of a discretionary authority to name a further order of succession after the Deputy Attorney General and Associate Attorney General, could prevent the President, his superior, from using his separate authority under the Vacancies Reform Act. Indeed, for this reason, we believe that the President's action under the Vacancies Reform Act, without more, trumps the Attorney General's designation of a succession under section 508. [footnotes omitted]

*See also Hooks v. Kitsap Tenant Support Servs., Inc.*, 816 F.3d 550, 556 (9th Cir. 2016) (holding that where the National Labor Relations Act contained a provision specifying the means of designating an Acting General Counsel, "neither the FVRA nor the NLRA is the *exclusive* means of appointing an Acting General Counsel of the NLRB").

Some commentators have asserted that 12 U.S.C. § 5491(b)(5), which was enacted after the FVRA, was intended to expressly prohibit the President from naming an Acting Director under the FVRA. In support of this argument, some have focused on the fact that the version of the CFPA that originally passed the House of Representatives provided that the FVRA applies in the event of "vacancy or during the absence of the Director," whereas the final version did not refer to the FVRA, and instead provided for the Deputy Director to serve as Acting Director in the event of the Director's "absence or unavailability." They assert that this is evidence that Congress knew how to say that the FVRA applies, but ultimately decided that it would not. I believe these arguments are unpersuasive. In the House-passed version of the CFPA, the Director was to lead the agency only during the initial two-year period from the date that the Bureau's authorities were first transferred to it, after which all of the Director's authorities would have been assumed by a Commission. Given that this was not the structure for the Bureau ultimately adopted in the CFPA, the significance of this provision—and its absence from the final bill—is limited. Further, even to the extent this legislative history is nonetheless relevant in interpreting Section 5491(b)(5), one could just as easily argue it shows that Congress was aware that the FVRA generally applies, and chose not to preempt it by either expressly exempting the succession from the FVRA, or by expressly providing for the Deputy Director to serve in the event of a "vacancy" or "resignation."

Accordingly, as General Counsel for the Bureau, it is my legal opinion that the President possesses the authority to designate an Acting Director for the Bureau under the FVRA, notwithstanding § 5491(b)(5).